```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**LOUISE DABEZIES**                                            **CIVIL ACTION**

**versus**                                                     **No. 06-7537**

**USAA INSURANCE AGENCY, INC.**                                **SECTION: I/5**


<u>**ORDER AND REASONS**</u>

     The matter before the Court is a motion to remand, filed on behalf of plaintiff, Louise Dabezies.  Defendant in this matter is USAA Insurance Agency, Inc. ("USAA").

     This Court has issued extensive opinions on the full range of legal issues regarding motions to remand in Hurricane Katrina insurance litigation.  *See, e.g.*, *Bourgeois v. State Farm Fire & Cas. Co.*, No. 06-8037, 2006 WL 3344736 (E.D. La. Nov. 16, 2006); *Rizzuto v. Tully*, No. 06-6883, 2006 WL 3332832 (E.D. La. Nov. 14, 2006); *Jackson v. State Fire & Cas. Ins. Co.*, No. 06-4467, 2006 WL 3332835 (E.D. La. Nov. 9, 2006); *Yount v. Lafayette Ins. Co.*, No. 06-7382, 2006 WL 3240790 (E.D. La. Nov. 7, 2006); *Trosclair v. Security Plan Life Ins. Co.*, No. 06-9220, 2006 U.S. Dist. LEXIS 84100 (E.D. La. Nov. 6, 2006); *Richmond v. Chubb Group of Ins. Cos.*, No. 06-3973, 2006 WL 2710566 (E.D. La. Sept. 20, 2006); *Best v. Independent Ins. Assocs. Inc.*, No. 06-1130, 2006 WL 2710445 (E.D. La. Sept. 19, 2006); *Nash v. Harry Kelleher &*

*Co.*, No. 06-1083, 2006 WL 2644960 (E.D. La. Sept. 14, 2006);

*Smith Lupo Williams Partners v. Carter*, No. 06-2808, 2006 WL

2548255 (E.D. La. Aug. 31, 2006).

After fully considering the law, the facts, and the arguments of all parties, the Court finds that the above cited decisions, when applied to the facts of this case, dictate a remand.[1]  The Court is inundated with motions to remand in cases such as this one, and it is neither in the interest of justice nor judicial economy to issue an extensive, yet repetitive, opinion.  The Court, therefore, incorporates the applicable legal standards and analysis from its prior opinions as though fully written herein.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that the motion to remand filed on behalf of

---

[1] The Court notes that, on the facts of this case, it is not facially apparent that plaintiff's claims exceed $75,000 and defendant has failed to prove by a preponderance of the evidence that the requisite amount for federal jurisdiction is present.  *See Bourgeois*, 2006 WL 3344736 at *2.  Contrary to defendant's assertions regarding the policy value, plaintiff's petition is ambiguous as to the amount of damages she seeks.  Plaintiff also stipulates in her petition, pursuant to La. Code Civ. Proc. art. 893(A)(1), that the amount in dispute is less than $75,000.  Rec. Doc. No. 1-2, p. 2.

Plaintiff's post-removal irrevocable stipulation clarifies the ambiguity in plaintiff's petition as to the extent of total damages she seeks.  *Id.*  In that stipulation by affidavit, plaintiff states that the total damages she seeks do not exceed $75,000.  Rec. Doc. No. 42-3.  This stipulation binds plaintiff since she states that she will not accept any judgment in excess of $75,000.  *See Crosby v. Lassen Canyon Nursery, Inc.*, No. 02-2721, 2003 WL 22533617, at *3 (E.D. La. Nov. 3, 2003) (Vance, J.).  This Court, therefore, lacks diversity jurisdiction and there is no other valid basis for federal jurisdiction over this matter.

plaintiff[2] is **GRANTED** and the case is **REMANDED** to Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, May  1st  , 2007.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[2] Rec. Doc. No. 30.